**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *csanders@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119633

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lepold Landau,<br><br>                     Plaintiff,<br><br>vs.<br><br>Stephen Einstein & Associates, P.C. and Crown Asset Management, LLC.,<br><br>                     Defendants. | Case No:<br><br><br><br>JURY TRIAL DEMANDED |

Lepold Landau (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Defendant Stephen Einstein & Associates, P.C. ("*Einstein*") and Defendant Crown Asset Management, Inc. ("*Crown*") (collectively, "*Defendants*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Leopold Landau is an individual who is a citizen of the State of New Jersey residing in Ocean County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Stephen Einstein & Associates, P.C., is a New York Professional Corporation with a principal place of business in New York County, New York.

9. On information and belief, Defendant Crown Asset Management, Inc. is a Georgia corporation with a principal place of business in Duluth, Georgia.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he

or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

15. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

16. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

17. Defendant Stephen Einstein & Associates, P.C. regularly collects or attempts to collect debts asserted to be owed to others.

18. Defendant Stephen Einstein & Associates, P.C. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19. The principal purpose of Defendant Stephen Einstein & Associates, P.C.'s business is the collection of such debts.

20. Defendant Stephen Einstein & Associates, P.C.uses the mails in its debt collection business.

21. Defendant Stephen Einstein & Associates, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. On information and belief, Defendant Crown Asset Management, Inc. is in the business of purchasing consumer debts which are in default and collecting on same.

23. On information and belief, the foregoing is the primary purpose of Crown Asset Management, Inc.'s business.

24. Defendant Crown Asset Management, Inc. is not the original creditor of any loan to Plaintiff.

25. On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Webbank."

26. On information and belief, at the time Defendant Crown Asset Management, Inc. purports to have acquired the loan from Webbank, the loan was in default.

27. On information and belief, Defendant Crown Asset Management, Inc. hired Defendant Stephen Einstein & Associates, P.C. to collect the alleged Debt.

28. Defendant Crown Asset Management, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Defendant Crown Asset Management, Inc. is additionally liable for the action of its agent, Defendant Stephen Einstein & Associates, P.C.

30. Defendants allege that Plaintiff owes a debt (the "alleged Debt").

31. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32. The alleged Debt does not arise from any business enterprise of Plaintiff.

33. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

35. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

36. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by calls to Plaintiff's telephone.

37. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters including the letter dated December 24, 2019 (the "Letter"). (A true and accurate copy is annexed hereto as **"Exhibit 1"**).

4

38. The Letter conveyed information regarding the alleged Debt.

39. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

41. The Letter was received and read by Plaintiff.

42. The Letter advises that Defendant Crown Asset Management, Inc.. is the creditor to whom the alleged Debt is purportedly owed.

43. Upon information and belief, Defendant Crown Asset Management, Inc. holds no legally valid right, title or interest in the alleged Debt.

44. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

45. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

46. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

47. Defendant Crown Asset Management, Inc. is liable for its own actions in addition to those of its agent, Defendant Stephen Einstein & Associates, P.C.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g(b)

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

50. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

51. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

52. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

53. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

54. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

56. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

57. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

58. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

59. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

60. The Letter is on the letterhead of "Stephen Einstein & Associates, P.C."

61. The Letter states, "This office has been hired to collect the above-referenced account."

62. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

63. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

64. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

65. The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

66. The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

67. The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

68. The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

69. As such, the least sophisticated consumer would likely feel threatened.

70. As such, the least sophisticated consumer would likely feel intimidated.

71. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

72. As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

73. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

74. The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to dispute the alleged Debt.

75. The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request validation of the alleged Debt.

76. The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request the name and address of the original creditor.

77. As such, the least sophisticated consumer would likely feel would likely believe he or she would be sued by Defendant if he or she exercised his or her validation rights.

78. As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action.

7

79. As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action even during the verification process.

80. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

81. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

82. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

83. As a result of the foregoing, the least sophisticated consumer would likely be confused as to her rights in violation of 15 U.S.C. § 1692g(b).

84. As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to her rights in violation of 15 U.S.C. § 1692g(b).

85. As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

86. As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

87. As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

88. As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

89. As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

90. As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

91. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(b) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

94. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

95. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

96. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

97. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

98. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

99. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

100. The Letter is on the letterhead of "Stephen Einstein & Associates, P.C."

101. The Letter states, "This office has been hired to collect the above-referenced account."

102. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

103. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

104. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

105. The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

106. The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

107. The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

108. The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

109. As such, the least sophisticated consumer would likely feel threatened.

110. As such, the least sophisticated consumer would likely feel intimidated.

111. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

112. As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

113. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

114. However, no attorney with Defendant Stephen Einstein & Associates, P.C. sent the Letter to Plaintiff.

115. No attorney with Defendant Stephen Einstein & Associates, P.C. was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

116. No attorney with Defendant Stephen Einstein & Associates, P.C. was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

117. No attorney with Defendant Stephen Einstein & Associates, P.C. was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

118. The Letter's signature block states "The Law Office of Stephen Einstein & Associates, P.C.," but is unsigned.

119. The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

120. The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

121. The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

122. The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

123. The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

124. Defendants' conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

125. Defendants' conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

126. Defendants' conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

127. Defendants' conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

128. Defendants' conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

129. Defendants' conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

130. Defendants' conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

131. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

132. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

133. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

134. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

135. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

136. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

137. The Letter claims that Plaintiff owes $31,480.75.

138. Plaintiff did not owe $31,481.75 as of the date the Letter was sent.

139. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

140. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

141. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

### FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

142. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

143. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

144. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

145. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

146. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

147. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

148. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

149. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

150. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

151. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

152. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

153. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

154. The Letter alleges that Plaintiff owed $31,480.75.

155. Plaintiff did not owe $31,480.75 as of the date the Letter was sent.

156. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

157. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

158. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

159. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

160. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

161. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

162. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

163. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

164. Defendants' allegation that Plaintiff owed $31,480.75, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

165. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## FIFTH COUNT
## Violation of 15 U.S.C. § 1692g(a)(2)

166. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

167. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

168. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

169. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

170. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

171. The Letter claims the name of the creditor to whom the alleged Debt is owed is Crown Asset Management, Inc.

172. Plaintiff did not owe the alleged Debt to Crown Asset Management, Inc.

173. Crown Asset Management, Inc. never offered to extend credit to Plaintiff.

174. Crown Asset Management, Inc. never extended credit to Plaintiff.

175. Plaintiff was never involved in any transaction with Crown Asset Management, Inc.

176. Plaintiff never entered into any contract with Crown Asset Management, Inc.

177. Plaintiff never did any business with Crown Asset Management, Inc.

178. Plaintiff was never indebted to Crown Asset Management, Inc.

179. Upon information and belief, Defendant Crown Asset Management, Inc. holds no legally valid right, title or interest in the alleged Debt.

180. Crown Asset Management, Inc. is a stranger to Plaintiff.

181. Defendants' statement that Crown Asset Management, Inc. is "the name of the creditor to whom the debt is owed," when Crown Asset Management, Inc. is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

182. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor

### SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

183. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

184. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

185. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

15

186. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

187. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

188. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

189. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

190. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

191. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

192. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

193. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

194. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

195. The Letter claims that Plaintiff owes a debt to Crown Asset Management, Inc.

196. Plaintiff did not owe a debt to Crown Asset Management, Inc.

197. Crown Asset Management, Inc. never offered to extend credit to Plaintiff.

198. Crown Asset Management, Inc. never extended credit to Plaintiff.

199. Plaintiff was never involved in any transaction with Crown Asset Management, Inc.

200. Plaintiff never entered into any contract with Crown Asset Management, Inc.

201. Plaintiff never did any business with Crown Asset Management, Inc.

202. Plaintiff was never indebted to Crown Asset Management, Inc.

203. Upon information and belief, Defendant Crown Asset Management Inc. holds no legally valid right, title or interest in the alleged Debt.

204. Crown Asset Management, INC is a stranger to Plaintiff.

205. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

206. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

207. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

208. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

209. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

210. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

211. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

212. Defendants' allegation that Plaintiff owed a debt to Crown Asset Management, Inc., when Plaintiff did not owe a debt to Crown Asset Management, Inc., is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

213. Defendants' demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

214. Defendants' request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

215. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

216. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: December 24, 2020

        **BARSHAY SANDERS, PLLC**

        By: _/s/ Craig B. Sanders_
        Craig B. Sanders, Esquire
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        _csanders@barshaysanders.com_
        _Attorneys for Plaintiff_
        Our File No.: 119633